IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James R. HUGHES, attorney at law.

Supreme Court

*No. 79–1227–D. Filed August 25, 1980.*
(Also reported in 295 N.W.2d 412.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On August 13, 1979, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that James R. Hughes, an attorney admitted to practice in this state since 1948 and who practices in Plymouth, undertook the representation of a client on a claim for additional worker's compensation benefits arising from an injury sustained in 1961 and which culminated in surgery in 1971. Hughes filed a claim for compensation on August 30, 1972, but he consistently neglected the matter thereafter. However, in repeated conversations with his client, Hughes assured him that the matter was being taken care of and that a hearing

date was scheduled, when in fact such was not the case. Ultimately, the client's claim was dismissed for lack of prosecution.

The employer's insurance carrier had paid the client the amount of $2,000 in settlement of the claim, which, according to the physicians' reports, would have resulted in a payment of $8,000 on the basis of a five percent permanent partial disability. Thus, the client was deprived of the sum of $6,000 by virtue of his attorney's neglect. The complaint further alleged that Hughes did not cooperate with the local grievance committee or the Board in their investigations of the matter.

The court referred this matter to the Hon. John A. Fiorenza as referee pursuant to SCR 21.09 (1980). A hearing on the complaint was held on May 13, 1980, at which Hughes and counsel for the Board stipulated to the facts. On July 21, 1980, the referee filed his findings of fact, conclusions and recommendation for discipline. The referee concluded that Hughes's neglect of his client's claim violated SCR 20.32 (1980) and that his failure to cooperate with the Board's investigation violated SCR 22.07 (1980). The referee's report indicates that prior to the hearing Hughes paid to his client the sum of $2,000 in partial payment of the losses incurred as a result of his neglect and that subsequent to the hearing he paid to his client an additional $4,000. In view of the fact that this was the first incident of professional misconduct involving Hughes which had been reported to the Board and in view of his acknowledgment of the misconduct and his willingness to make his client whole for the losses incurred as a result of his neglect, even though the statute of limitations for lawyer malpractice had passed, the referee made the recommendation that Hughes be given a public reprimand and be ordered to pay the costs of the disciplinary proceeding.

We hereby adopt the findings and recommendation of the referee.

It is ordered that James R. Hughes is publicly reprimanded for unprofessional conduct.

It is further ordered that James R. Hughes pay the cost of this proceeding in the amount of $1,547 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order, provided that if the costs are not paid within the time specified, the license of James R. Hughes to practice law shall be forthwith suspended.